IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH C. KEDZIERSKI, #287-739 | * | |
| Petitioner | | |
| | * | |
| v. | | CIVIL ACTION NO. WDQ-06-260 |
| | * | |
| MARY A. SAAR, | | |
| Respondent | * | |

******

## MEMORANDUM

Petitioner Kenneth C. Kedzierski, an inmate confined at the Central Laundry Facility in Carroll County, Maryland, filed the instant 28 U.S.C. § 2241 application for habeas corpus relief on January 31, 2006, contending that Division of Corrections personnel has erred in calculating his diminution of confinement credits.[1] Paper No. 1. Respondent has filed an Answer to which Petitioner has replied. Paper Nos. 8 and 9.[2] The Court is also in receipt of Petitioner's Motion for Summary Judgment and Respondent's Reply. Paper Nos. 11 and 15. After review of these papers, this Court finds the Petition raises only issues of law and there is no need for an evidentiary hearing. *See* 28 U.S.C. § 2243. For the reasons stated below, the Court will, by separate Order, deny Petitioner's Motion for Summary Judgment and dismiss the Petition for Writ of Habeas Corpus without prejudice.

Before a petitioner may seek habeas relief in federal court, he or she must exhaust each claim presented to the federal court through remedies available in state court. *See Rose v. Lundy*, 455 U.S.

---

[1] Subsequently, Petitioner moved to amend his complaint seeking to have his Complaint as construed as having been filed pursuant to 42 U.S.C. 1983. The motion was granted without deciding whether Petitioner's claims stated a viable civil rights claim. See Paper Nos. 2 and 16. Because Petitioner attacks the execution of his sentence and seeks the restoration of good time credits which he maintains were improperly withdrawn, the action is more properly considered a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

[2] Petitioner has also filed a Motion to Amend (Paper No. 12) wherein he seeks to amend his response and Motion for Summary Judgment. The motion shall be granted. The Court is also in receipt of Petitioner's Motion to Strike (Paper No. 13) wherein he seeks to strike Respondent's Answer because he alleges the Answer fails to disclose all material pursuant to this Court's Order to Show Cause. Respondents have provided all material necessary to a determination of the issues before the Court, and Petitioner's Motion shall be denied.

509, 518 (1982); *see also, Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973). A prisoner challenging the calculation of his release date has two possible avenues for relief in the state courts; by way of administrative proceeding and, in certain instances, by way of petition to the state courts.

Regardless of whether he believes he is entitled to an immediate release, a prisoner may challenge the calculation of his sentences and/or diminution credits through administrative proceedings by:

1. Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001 *et seq.*, to the warden of the institution where he is confined;
2. Appealing a denial of the request by the warden to the Commissioner;
3. Filing a complaint with the Inmate Grievance Office, ("IGO");
4. Appealing a final decision of the IGO to the Circuit Court;
5. Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and
6. If the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

A prisoner claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;[3]
2. Appealing a decision by the Circuit Court to the Court of Special Appeals;[4] and
3. Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Respondent maintains that Petitioner has not attempted to employ either of these procedures.

---

[3] In *Maryland House of Correction v. Fields*, 348 Md. 245, 261 (1997), the Maryland Court of Appeals held that a prisoner presenting a colorable claim of entitlement to immediate release based upon the calculation of diminution credits was entitled to seek habeas corpus relief without first exhausting his administrative remedies. It did not address the situation where a prisoner was not claiming entitlement to immediate release.

[4] Although at one time this court interpreted Maryland law as not permitting an appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Maryland Court of Appeals have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits. *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).

Paper No. 8. Petitioner states that he did file an Administrative Remedy regarding his diminution credits and that he appealed the denial of his administrative remedy to the Circuit Court for Carroll County. Paper No. 9. He states, however, that he voluntarily withdrew that case. *Id.* It does not appear that Petitioner has ever filed a petition for writ of habeas corpus in any state court. Paper Nos. 8 and 9. Accordingly, Petitioner has not exhausted his available state court remedies and a separate Order will be entered dismissing this action without prejudice.[5]

| | |
|---|---|
| 8/31/6 | /s/ |
| Date | William D. Quarles, Jr. |
| | United States District Judge |

---

[5] The undersigned is not expressing an opinion whether Petitioner has stated a cognizable constitutional claim.